This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NO. A-1-CA-38054**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JASON KRCELIC,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James W. Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Louis E. Lopez
El Paso, TX

Mary Stillinger
El Paso, TX

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, convicting him for kidnapping, armed robbery, conspiracy to commit armed robbery, three counts of child abuse, and three counts of aggravated assault with a deadly weapon. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}** On appeal, Defendant has challenged the district court's admission of text messages found on a cell phone located at the scene of the crime. Our notice proposed to reject Defendant's theories that the text messages constituted inadmissible hearsay and violated his confrontation right. In response to our notice, Defendant abandons his challenge to the admission of all text messages except those purported to be from Defendant's mother to Defendant. We limit our analysis accordingly. Defendant's response further asks us to consider that this cell phone and the text messages retrieved therefrom constitute the only evidence linking Defendant to the crimes charged. [MIO 1-2] We agree that this evidence appears critical to identifying Defendant as one of the perpetrators of this incident.

**{3}** "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted." *State v. Saiz*, 2017-NMCA-072, ¶ 34, 404 P.3d 422 (internal quotation marks and citation omitted); *see* Rule 11-801(C) NMRA. " 'Statement' means a person's oral assertion, written assertion, or nonverbal conduct, *if the person intended it as an assertion.*" *Saiz*, 2017-NMCA-072, ¶ 34 (quoting Rule 11-801(A)). An assertion is a statement that may either be true or false. *Id.* "[S]tatements or conduct which are non-assertive are not hearsay." *Id.* (internal quotation marks and citation omitted).

**{4}** Defendant represents the challenged text conversation between Defendant and his mother to be as follows:

> Mother: "You could have at least said bye. Also hope you aren't going to do nothing dumb. Only because the bandana, gun, and tee shirt, question mark. Call it as [sic] mom's intuition."
>
> Defendant: "I did say bye."
>
> Mother: "No, you didn't. Please don't do nothing stupid."
>
> Defendant: "I'm not."
>
> Mother: "Tell Clayton, too, because if he does, I'll be mad."

[MIO 2 (alteration in original)]

**{5}** Our notice proposed to hold that the statements in Defendant's mother's text messages express concern, do not express an intent to make an assertion of fact, and the relevant portions do not constitute assertions that may be true or false. [CN 4] In response, Defendant contends the statements imply that Defendant's mother had seen or somehow believed that Defendant had a bandana, a gun, and a tee-shirt, all of which were used in the offense. [MIO 2] Defendant argues the State introduced the statement about the bandana, gun, and tee-shirt to prove the truth of her assertion—i.e., that she knew Defendant had the bandana, gun, and tee-shirt. [MIO 3]

**{6}**     We are not persuaded that Defendant's mother's vague statement that she hoped Defendant would not do anything dumb because of the bandana, gun, and tee-shirt, which ended with a "question mark," makes an assertion that Defendant's mother knew Defendant had these items or that they belonged to Defendant. This vague statement does not assert that she saw Defendant with these items, and does not make an assertion of how she became aware of the items, whether or why she may have believed they belonged to Defendant, or why they caused her concern. To the extent Defendant contends the statement implies an assertion, we have held that "implied assertions are not hearsay." *Saiz*, 2017-NMCA-072, ¶ 34. Similarly, in *Saiz*, we construed the text message—"You better not be f[ ]ing me over, prim"—to be "an implied expression of skepticism about [the d]efendant's intentions or actions, and/or . . . an implied warning or an implied threat of an undefined consequence" that was not an assertion of fact being offered for the truth of the matter asserted. *Id.* ¶ 35 (internal quotation marks omitted).

**{7}**     Although Mother may have made some assertions in the course of the text conversation—she hoped Defendant was not going to do something stupid; Defendant did not say "bye"; and she will be mad if Clayton does something stupid—none of these statements were offered to prove the matters asserted. [MIO 2-3] For these reasons, we conclude the district court did not err by ruling that the hearsay rule does not bar admission of the text conversation.

**{8}**     Lastly, Defendant contends the admission of the text conversation violates the Confrontation Clause because Defendant's mother was not available to be cross-examined. [MIO 3-4] Our notice proposed to hold that her text messages were not testimonial for purposes of the Confrontation Clause. In response, Defendant argues that her statements were prejudicial assertions. [MIO 4] The Confrontation Clause, however, "prohibits the introduction of *testimonial* hearsay unless the accused has had the opportunity to cross-examine the declarant." *State v. Carmona*, 2016-NMCA-050, ¶ 15, 371 P.3d 1056 (emphasis added) (citing *Crawford v. Washington*, 541 U.S. 36, 54 (2004)). This prohibition "applies to witnesses against the accused who provide testimony for the purpose of establishing or proving some fact." *State v. Jimenez*, 2017-NMCA-039, ¶ 12, 392 P.3d 668 (internal quotation marks and citation omitted). " 'Testimonial statements' include those that convey information about evidence that was gathered after an emergency has been resolved and the police have turned their attention to collecting evidence for use in a criminal prosecution against a known criminal perpetrator." *Id.* (internal quotation marks and citation omitted).

**{9}**     Defendant's contention that his mother's statements were assertions that proved important to the State's case does not establish that the statements were made as a part of a police investigation or in any other context that would suggest they were testimonial. Based on the foregoing, we hold the district court did not err in admitting Defendant's mother's text messages retrieved from his cell phone.

**{10}**    We affirm the district court's judgment and sentence.

**{11}** IT IS SO ORDERED.

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**